IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DERRON JOHNSON,                    )
                                   )
                Plaintiff,         )
                                   )
     v.                            )    No.  07 C 6502
                                   )
CITY OF CHICAGO, et al.,           )
                                   )
                Defendants.        )

MEMORANDUM ORDER

     This Court has just received a Notice of Removal ("Notice")
filed by the City of Chicago ("City"), which states that it is
the only defendant that has been served in this action brought by
Derron Johnson ("Johnson") against City and two of its police
officers (the latter are named only as Officer Malloy and Officer
Kemp).  Notice ¶3 asserts as the predicate for removal City's
position that Complaint Count I ¶10 sounds in part in federal
law.

     Although the cited paragraph does indeed speak in part of
City's allegedly "conspiring to violate the rights, privileges
and immunities guaranteed to plaintiff by the Constitution and
laws of the United States and the laws of the State of Illinois,"
thus raising the prospect that Johnson's counsel may be seeking
to advance a claim under 42 U.S.C. §1983, that possibility seems
doubtful in light of the designation by Johnson's counsel of
Count I as well as Johnson's other three counts as having been
filed only under Illinois law:

1.  Count I is captioned "Action for Assault and Battery, Wrongful Infliction of Personal Injuries Under Illinois Law Against CITY OF CHICAGO."

2.  Count II is captioned "Action for Negligent Assault and Battery, Wrongful Infliction of Personal Injuries Under Illinois Law Against OFFICER MALLOY."

3.  Count III is captioned "Action for Intentional Assault and Battery, Wrongful Infliction of Personal Injuries Under Illinois Law Against OFFICER MALLOY."

4.  Count IV is captioned "Action for Negligent Assault and Battery, Wrongful Infliction of Personal Injuries Under Illinois Law Against OFFICER KEMP."

Thus Count I, the only one whose text adverts briefly to federal sources, has not been characterized in that fashion in its stated subject heading.

If in fact Johnson and his counsel do intend to look <u>solely</u> to Illinois law as providing the gravamen of his claims, as those headings suggest, with the single paragraph's short reference to the United States Constitution and laws having been the product of less than fully thoughtful pleading, that should be made clear at the outset.  It is conventional wisdom that subject matter jurisdiction is the first thing that this Court (or any other federal court) is bound to examine (see, e.g., <u>Wisconsin Knife Works v. National Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir.

1986) and <u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir.

2005)), and the principle announced nearly a century ago by

Justice Holmes in <u>The Fair v. Kohler Die & Specialty Co.</u>, 228

U.S. 22, 25 (1913) remains the law today:

> Of course the party who brings a suit is master to
> decide what law he will rely upon and therefore does
> determine whether he will bring a "suit arising
> under"...[any] law of the United States by his
> declaration or bill.

Accordingly this action is set for a status hearing at

9 a.m. November 28, 2007 so that Johnson's counsel can confirm

the intended grounds of the causes of action that are sued upon

here.  That will enable this Court to determine whether federal

subject matter jurisdiction is really sought to be invoked by

Johnson (if that is not the case, a brief amendment to

Complaint I ¶10 would be required to delete the references to

federal law), and thus to determine whether this action will

remain in this District Court or must instead be remanded to its

place of origin in the Circuit Court of Cook County, First

Municipal District.

_____
Milton I. Shadur
Senior United States District Judge

Date:  November 19, 2007